IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUCKUS WIRELESS, INC. <br><br> Plaintiff, <br><br> v. <br><br> NETGEAR, INC. <br><br> Defendant. | Civil Action No. _____ <br><br> DEMAND FOR TRIAL BY JURY |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff RUCKUS WIRELESS, INC. ("RUCKUS") for its Complaint against Defendant NETGEAR, INC. ("NETGEAR" or "DEFENDANT") and for injunctive and declaratory relief and for damages, including treble or multiple damages, for patent infringement, states and alleges as follows:

### NATURE OF THE ACTION

1. RUCKUS is the owner of United States Patent No. 8,031,129 ("the '129 Patent") and United States Patent No. 8,150,470 ("the '470 Patent") (collectively the "Patents-in-Suit").

2. This is a civil action for the infringement of the Patents-in-Suit, including the willful infringement of the Patents-in-Suit by NETGEAR, pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

3. Plaintiff RUCKUS is a corporation organized under the laws of Delaware, having a place of business located at 350 West Java Drive, Sunnyvale, California 94089.

4. Defendant NETGEAR is a Delaware corporation, having its principal place of business at 350 East Plumeria Drive, San Jose, California 95134.

## JURISDICTION AND VENUE

5. This action is based upon and arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and in particular §§ 271, 281, 283, 284 and 285, and is intended to redress infringement of the Patents-in-Suit owned by RUCKUS.

6. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over NETGEAR, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c), and 28 U.S.C. § 1400(b).

## THE PATENTS-IN-SUIT

8. On October 4, 2011, the '129 Patent, entitled "Dual Band Dual Polarization Antenna" was duly and legally issued. RUCKUS is the owner by assignment of all rights, title and interest in and to the '129 Patent. A copy of the '129 Patent is attached as Exhibit A.

9. On April 3, 2012, the '470 Patent, entitled "System and Method for Transmission Parameter Control for an Antenna Apparatus with Selectable Elements" was duly and legally issued. RUCKUS is the owner by assignment of all rights, title and interest in and to the '470 Patent. A copy of the '470 Patent is attached as Exhibit B.

10. RUCKUS owns the Patents-in-Suit and possesses the right to sue and to recover for infringement of the Patents-in-Suit.

## FACTUAL BACKGROUND

11. NETGEAR makes, causes to be made, uses, causes to be used, imports, causes to be imported, offers for sale, causes to be offered for sale, sells, and/or causes to be sold in the United States and in this judicial district wireless router products that infringe the Patents-in-Suit.

12. On information and belief, NETGEAR has induced and/or continues to induce the infringement of the Patents-in-Suit in the United States and in this judicial district.

## COUNT I
## INFRINGEMENT OF THE '129 PATENT

13.     The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

14.     On information and belief, NETGEAR has infringed the '129 Patent by making, using, offering to sell, selling, and/or importing products, including but not limited to NETGEAR's N600 Wireless Dual Band Routers WNDR3400, that infringe one or more claims of the '129 Patent in this judicial district and elsewhere in the United States.

15.     On information and belief, NETGEAR has knowingly and actively induced infringement of the '129 Patent by causing to be made, causing to be used, causing to be offered for sale, causing to be sold, and/or causing to be imported products, including but not limited to NETGEAR's N600 Wireless Dual Band Routers WNDR3400, that infringe one or more claims of the '129 Patent in this judicial district and elsewhere in the United States.

16.     The products that are made, caused to be made, used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by NETGEAR meet each and every limitation of at least one claim of the '129 Patent, either literally or equivalently.

17.     RUCKUS has been and will continue to be injured by NETGEAR's past and continuing infringement and inducement of infringement of the '129 Patent and is without adequate remedy at law.

18.     NETGEAR has, upon information and belief, infringed and is infringing and inducing the infringement of the '129 Patent with knowledge of RUCKUS' patent rights and without a reasonable basis for believing its conduct is lawful.  NETGEAR's infringement and inducement of infringement has been and continues to be willful and deliberate, and will

continue unless enjoined by this Court, making this an exceptional case and entitling RUCKUS to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II
### INFRINGEMENT OF THE '470 PATENT

19. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

20. On information and belief, NETGEAR has infringed the '470 Patent by making, using, offering to sell, selling, and/or importing products, including but not limited to NETGEAR's N600 Wireless Dual Band Gigabit Routers WNDR3800, that infringe one or more claims of the '470 Patent in this judicial district and elsewhere in the United States.

21. On information and belief, NETGEAR has knowingly and actively induced infringement of the '470 Patent by causing to be made, causing to be used, causing to be offered for sale, causing to be sold, and/or causing to be imported products, including but not limited to NETGEAR's N600 Wireless Dual Band Gigabit Routers WNDR3800, that infringe one or more claims of the '470 Patent in this judicial district and elsewhere in the United States.

22. The products that are made, caused to be made, used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by NETGEAR meet each and every limitation of at least one claim of the '470 Patent, either literally or equivalently.

23. RUCKUS has been and will continue to be injured by NETGEAR's past and continuing infringement and inducement of infringement of the '470 Patent and is without adequate remedy at law.

24. NETGEAR has, upon information and belief, infringed and is infringing and inducing the infringement of the '470 Patent with knowledge of RUCKUS' patent rights and

without a reasonable basis for believing its conduct is lawful.  NETGEAR's infringement and inducement of infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court, making this an exceptional case and entitling RUCKUS to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff RUCKUS prays for judgment as follows:

A.  That NETGEAR has and is infringing the Patents-in-Suit;

B.  That NETGEAR has and is inducing infringement of the Patents-in-Suit

C.  That NETGEAR's infringement of the Patents-in-Suit has been and is willful;

D.  That NETGEAR and its parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but limited to using, making, importing, offering for sale and/or selling products that infringe, and from inducing the infringement of, the '129 Patent and '470 Patent, prior to their expiration, including any extensions;

E.  That NETGEAR and its parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, deliver to RUCKUS all products that infringe the Patents-in-Suit for destruction at RUCKUS' option;

F.  That RUCKUS be awarded monetary relief adequate to compensate RUCKUS for NETGEAR's acts of infringement of the Patents-in-Suit within the United States prior to the expiration of the Patents-in-Suit, including any extensions;

G. That any monetary relief awarded to RUCKUS regarding the infringement of the Patents-in-Suit by NETGEAR be enhanced and trebled due to the willful nature of NETGEAR's infringement of the Patents-in-Suit;

H. That any monetary relief awarded to RUCKUS be awarded with prejudgment interest;

I. This is an exceptional case and that RUCKUS be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action; and

J. That RUCKUS' be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of any and all issues triable of right by a jury.

MORGAN, LEWIS & BOCKIUS LLP

 /s/ Colm F. Connolly
Colm F. Connolly (#3151)
cconnolly@morganlewis.com
The Nemours Building
1007 Orange Street, Suite 501
Wilmington, DE 19801
cconnolly@morganlewis.com
(302) 574-3000

*Counsel for Plaintiff*
*RUCKUS WIRELESS, INC.*

OF COUNSEL:

Kell M. Damsgaard
Morgan, Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103-2921
(215) 963-5000

Dated: June 19, 2013