IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRÄGER MEDICAL GMBH, a German corporation; DRAEGER MEDICAL SYSTEMS, INC. and DRAEGER MEDICAL INC., Delaware corporations,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>ALLIED HEALTHCARE PRODUCTS, INC., a Delaware corporation,<br><br>　　　　　　　Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**Complaint and Demand for Jury Trial and Injunctive Relief Sought**

Plaintiffs Dräger Medical GmbH, Draeger Medical Systems Inc., and Draeger Medical Inc., hereinafter collectively "Draeger Medical," hereby file their Complaint against defendant Allied Healthcare Products, Inc. ("Allied"). For its causes of action, Draeger Medical states and alleges as follows:

**The Parties**

1. Dräger Medical GmbH is a German corporation with its principal place of business located at Moislinger Allee 53-55, Lübeck, Germany 23558.

2. Draeger Medical Systems Inc. and Draeger Medical Inc. are Delaware corporations with operations in Andover, Massachusetts and Telford, Pennsylvania. Their principal place of business is located at 3135 Quarry Road, Telford, PA 18969.

3. Allied Healthcare Products, Inc. is a Delaware corporation with its principal place of business at 1720 Sublette Avenue, St. Louis, MO 63110.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the federal patent statutes, 35 U.S.C. §§ 271 and 281-285.

5. This Court has personal jurisdiction over Allied because it has committed acts giving rise to this action within Delaware and within this judicial District. For example, Allied has, upon information and belief, committed acts of infringement in this District by, among other things, offering to sell and selling products that infringe the asserted patents, including, but not limited to, its "Draeger Style" Litholyme cartridges. Additionally, Allied is a Delaware corporation.

6. Venue in the District of Delaware is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because a substantial part of the events and acts of infringement giving rise to claims set forth herein occurred in this judicial District and because Allied is subject to the Court's personal jurisdiction and is deemed to reside in this judicial District.

**Background**

7. Draeger Medical owns all rights and interests in the following United States Patents:

> - U.S. Patent No. 7,487,776, ("the '776 patent"), entitled "Device With An Anesthesia Respiration System And An Absorber", which the United States Patent and Trademark Office (PTO) duly issued on February 10, 2009, and a copy of which is attached hereto as Exhibit A; and

- U.S. Patent No. 8,286,633, ("the '633 patent"), entitled "Carbon Dioxide Absorber For A Rebreathing System", which the PTO duly issued on October 16, 2012, and a copy of which is attached hereto as Exhibit B.

8. Draeger Medical manufactures and sells CLIC adapters for anesthesia machines that incorporate replaceable CLIC cartridges which Draeger Medical sells under the name Drägersorb®. These products are protected by the '776 and '633 patents.

9. Allied does not have a license to any of the patents listed in paragraph 7 ("the Draeger Medical Patents").

10. Allied manufactures and sells carbon dioxide absorbents for medical use and the replaceable cartridges that house the absorbents, including what Allied calls "Draeger Style" Litholyme and Carbolime cartridges (the "Accused Products"). These cartridges are made specifically to replace Draeger Medical's cartridges, and operate in connection with Draeger Medical's CLIC adapters.

11. On information and belief, Allied sells the Accused Products to hospitals across the United States, including hospitals within the State of Delaware.

## Count I – The '776 Patent

12. Draeger Medical repeats each and every allegation of paragraphs 1-11 as if set forth fully herein.

13. In violation of 36 U.S.C. § 271, Allied is now, and has been directly infringing, contributorily infringing, and/or inducing infringement of the '776 patent by manufacturing, using, importing, offering for sale, and/or selling "Draeger Style" carbon dioxide absorbent cartridges in the United States, including, but not limited to, Litholyme

cartridges and Carbolime cartridges, without authority and in violation of 35 U.S.C. § 271(a), and will continue to do so unless enjoined by this Court.

14. On information and belief, Allied, with knowledge of the '776 patent, and without authority, has actively induced, and continues to actively induce, infringement by its customers and end-users of at least one claim of the '776 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing carbon dioxide absorbent cartridges, intending to encourage, and in fact encouraging end-users to directly infringe the '776 patent. On information and belief, Allied actively induces infringement by designing and introducing into the stream of commerce infringing carbon dioxide absorbent cartridges and by publishing product literature encouraging use in an infringing manner and by offering support and technical assistance to its customers to encourage use of the Accused Products in ways that infringe the asserted claims. In addition, Allied had actual knowledge of end-users' direct infringement and that Allied's actions induced such infringement since at least the date of this Complaint.

15. On information and belief, Allied has also contributed to, and is contributing to, direct infringement of the '776 patent by third parties, such as Allied's customers, in this District and elsewhere in the United States, without authority and in violation of 35 U.S.C. § 271(c). For example, on information and belief, Allied has contributed to, and is contributing to, infringement of the '776 patent by selling its customers its Accused Products which are configured to fit into a CLIC adapter, which fits into Draeger's anesthesia machines; the use of these absorbent cartridges when connected to the CLIC adapter, directly infringes the '776 patent. In addition, because of this specific design for use with

Draeger Medical's CLIC adapter, the accused products have no substantial non-infringing use.

16. Allied's continuing and past infringement of the '776 patent has caused monetary damage and irreparable injury to Draeger Medical. Unless and until Allied's infringement is enjoined by this Court, it will continue to cause monetary and irreparable damage.

17. Allied has had knowledge of the '633 patent and of infringement at least since the service of this complaint.  On information and belief Allied's conduct has constituted and continues to constitute willful infringement because Allied is aware of the asserted patent and Draeger Medical's products and Allied's decision to sell, and continue to sell, the Accused Products is objectively and subjectively reckless.

### Count II – The '633 Patent

18. Draeger Medical repeats each and every allegation of paragraphs 1-17 as if set forth fully herein.

19. In violation of 36 U.S.C. § 271, Allied is now, and has been, directly infringing, contributorily infringing, and/or inducing infringement of  the '633 patent by manufacturing, using, importing, offering for sale, and/or selling "Draeger Style" carbon dioxide absorbent cartridges in the United States, including, but not limited to, Litholyme cartridges and Carbolime cartridges, without authority and in violation of 35 U.S.C. § 271(a), and will continue to do so unless enjoined by this Court.

20. On information and belief, Allied, with knowledge of the '633 patent, and without authority, has actively induced, and continues to actively induce, infringement by its customers and end-users of at least one claim of the '633 patent, under 35 U.S.C.

§ 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing carbon dioxide absorbent cartridges, intending to encourage, and in fact encouraging, end-users to directly infringe the '633 patent. On information and belief, Allied actively induces infringement by designing and introducing into the stream of commerce infringing carbon dioxide absorbent cartridges and by publishing product literature encouraging use in an infringing manner and by offering support and technical assistance to its customers to encourage use of the Accused Products in ways that infringe the asserted claims. In addition, Allied had actual knowledge of end-users' direct infringement and that Allied's actions induced such infringement since at least the date of this Complaint.

21.  On information and belief, Allied has also contributed to and is contributing to direct infringement of the '633 patent by third parties, such as Allied's customers, in this District and elsewhere in the United States, without authority and in violation of 35 U.S.C. § 271(c). For example, on information and belief, Allied has contributed to, and is contributing to, infringement of the '633 patent by selling its customers its Accused Products that are configured to fit into a CLIC adapter, which fits into Draeger's anesthesia machines; the use of these absorbent cartridges when connected to the CLIC adapter directly infringes the '633 patent. In addition, because of this specific design for use with Draeger Medical's CLIC adapter, the accused products have no substantial non-infringing use.

22.  Allied's continuing and past infringement of the '633 patent has caused monetary damage and irreparable injury to Draeger Medical. Unless and until Allied's infringement is enjoined by this Court, it will continue to cause monetary and irreparable damage.

23. Allied has had knowledge of the '633 patent and of infringement at least since the service of this complaint. On information and belief Allied's conduct has constituted, and continues to constitute, willful infringement because Allied is aware of the asserted patent and Draeger Medical's products and Allied's decision to sell, and continue to sell, the Accused Products is objectively and subjectively reckless.

## Conclusion

24. As a result of Allied's infringement of the Draeger Medical Patents, Draeger Medical has been injured and incurred financial damages.

25. Allied will continue to infringe the Draeger Medical Patents, and thus cause irreparable injury and damage to Draeger Medical, unless this Court enjoins Allied from further infringement.

## Demand for Trial by Jury

A trial by jury is demanded on all claims and issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure and District of Delaware Local Rule 38.1.

## Prayer for Relief

Draeger Medical respectfully requests the following relief:

1. An order preliminarily enjoining and prohibiting Allied and its officers, agents, servants and employees, privies, and all persons in active concert or participation with it, from further infringement of the Draeger Medical Patents, including, but not limited to, an order enjoining Allied from continuing to sell the Accused Products and/or continuing to infringe the Draeger Medical Patents;

2. A judgment that Allied has infringed the Draeger Medical Patents, and is liable to Draeger Medical for damages;

3. A judgment that Allied's infringement of the Draeger Medical Patents was willful and that the damages shall be increased under 35 U.S.C. § 284 to three times the amount found or measured;

4. A judgment that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Draeger Medical be awarded the reasonable attorneys' fees that it incurs in prosecuting this action;

5. An award of lost profits or, in the alternative, a reasonable royalty adequate to compensate Draeger Medical for Allied's past infringement;

6. A post-judgment equitable accounting of damages for the period of infringement of the Draeger Medical Patents following the period of damages established by Draeger Medical at trial;

7. An order enjoining Allied from infringing, inducing others to infringe, or contributing to the infringement of the Draeger Medical Patents;

8. An award of prejudgment interest, costs, and disbursements;

9. An order permanently enjoining Allied and its officers, agents, servants and employees, privies, and all persons in active concert or participation with it, from further infringement of the Draeger Medical Patents, including, but not limited to, an order enjoining Allied from continuing to sell the Accused products and/or continuing to infringe the Draeger Medical Patents;

10. An order requiring Allied to deliver to Draeger Medical for destruction all infringing products in its possession in the United States; and

11. An award to Draeger Medical of such other and further relief at law or in equity as the Court deems just and proper.

*Of Counsel*:

Cyrus A. Morton
Julia Dayton Klein
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
E-mail:  camorton@rkmc.com
             jdklein@rkmc.com


Dated:  October 4, 2013

/s/ *Anne Shea Gaza*
Anne Shea Gaza (#4093)
Robert M. Vrana (#5666)
**Young Conway Stargatt & Taylor, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile:  (302) 576-3439
E-mail: agaza@ycst.com
             rvrana@ycst.com

***Attorneys for Plaintiffs Dräger Medical GmbH, Draeger Medical Systems Inc., and Draeger Medical Inc.***